## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **JAMES E. CUMMINGS** | **CASE NO. 1:18-CV-00786** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **ELECTRIC INSURANCE CO., ET AL** | **MAGISTRATE JUDGE PEREZ-MONTEZ** |

## MEMORANDUM RULING

Before the Court is a series of interrelated motions for summary judgment addressing which state's law – Massachusetts, Louisiana, or Texas – applies to insurance coverage disputes arising out of an automobile accident in Texas. Defendant Electric Insurance Co. ("EIC") filed a Motion for Summary Judgment on Choice of Law [ECF No. 42] arguing for the application of Massachusetts law, and oppositions were filed by Plaintiff James Cummings [ECF No. 44] and Defendant Progressive County Mutual Insurance Co. ("Progressive") [ECF No. 46]. Cummings filed a separate Motion for Summary Judgment [ECF No. 45] arguing for the application of Louisiana law, and Progressive filed its own Motion for Summary Judgment [ECF No. 52] arguing for the application of Texas law (or, in the alternative, Louisiana law). Finally, EIC filed a Motion to Strike Exhibit 1 to Plaintiff's Reply [ECF No. 57].

For the following reasons, EIC's Motion to Strike [ECF No. 57] is GRANTED, but its Motion for Summary Judgment on Choice of Law [ECF No. 42] is DENIED. Cummings' Motion for Summary Judgment [ECF No. 45] is DENIED. Progressive's Motion for Summary Judgment [ECF No. 52] is GRANTED.

# I.
## BACKGROUND

This case arises from a motor vehicle accident that occurred on or about January 3, 2018 in Lake Jackson, Texas. [ECF No. 42-1 at 2] Cummings' vehicle collided with a vehicle owned by Sandy Wilder but operated by Brandon McKnight at the time of the accident; Wilder's vehicle was insured by State Farm Mutual Insurance Company ("State Farm").[1] [ECF No. 42-1 at 3; ECF No. 1 at 3] Cummings was employed by FieldCore, a division of General Electric Company ("GE"), at the time of the accident. [ECF No. 44 at 4] GE was covered by a Business Auto Policy issued by EIC (the "EIC Policy") at the time of the collision. [ECF No. 42-1 at 1] Cummings had purchased a personal insurance policy issued by Progressive that was in effect at the time of the collision. [ECF No. 42-1 at 2] Cummings sued Wilder, State Farm, EIC, and Progressive, seeking compensatory damages arising from the motor vehicle accident, and asserting that the relevant policies issued by EIC and Progressive entitled Cummings to uninsured/underinsured motorist ("UIM") coverage. [ECF No. 1 at 4] The present motions on choice of law relate solely to UIM coverage under the EIC Policy.

# II.
## SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* "A genuine issue of

---

[1] McKnight was not named as a party to this suit, and Wilder and State Farm have been dismissed. [ECF No. 29]

material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010). As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.

*Lindsey v. Sears Roebuck and Co.,* 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party). "Credibility determinations are not part of the summary judgment analysis." *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002). Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof." *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).

## III.
### LAW AND ANALYSIS

**A. <u>EIC's Motion to Strike</u>.**

The Court first addresses EIC's Motion to Strike [ECF No. 57]. EIC requests that the Court exclude and decline to consider medical records attached as Exhibit 1 to Cummings' Reply in Support of his Motion for Summary Judgment on Choice of Law [ECF No. 54-1], or alternatively that EIC be granted leave to file a sur-reply to respond to the records. [ECF No. 57] EIC argues that Cummings has violated the proper procedure for presentation of summary judgment evidence by introducing these records for the first time as an attachment to Cummings' reply in support of his motion for summary judgment, rather than attaching them to his opposition to EIC's motion or to his own motion for summary judgment, and without seeking leave to do so. [ECF No. 57-1 at 1-2] Cummings responds that these records cause no surprise or prejudice to EIC because the records were previously disclosed to EIC in initial disclosures, discovery responses, and Cummings' deposition. [ECF No. 59 at 1] Cummings asserts that the purpose for filing the records was to counter EIC's argument that Cummings underwent most of his medical treatment in Texas. [ECF No. 59 at 1-2]

Courts in the Fifth Circuit need not consider new arguments raised for the first time in a summary judgment reply brief. *Elwakin v. Target Media Partners Operating Co. LLC*, 901 F. Supp. 2d 730, 745–46 (E.D. La. 2012) (citing *Doe ex rel. Doe v. Beaumont Independent School District*, 173 F.3d 274, 299 n. 13 (5th Cir.1999)). When summary judgment evidence is provided for the first time attached to a reply brief, Courts have discretion whether or not to consider the new evidence; if the evidence is considered, the nonmovant must be given an opportunity to respond to the new evidence. *See Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004). When deciding whether to consider new evidence, the Court may consider the circumstances of the case,

including the posture of the case or timing of the filings. *Elwakin*, 730 at 746 (citing *In re e2 Communications, Inc.*, 320 B.R. 849, 860 n. 11 (Bankr. N.D. Tex. 2004)).

Here, there appears to be no dispute that Cummings received medical care in Texas and Louisiana. The parties' dispute concerns the extent of the medical care he received in Louisiana. Cummings asserts as an undisputed fact that while he received some medical treatment in Texas, most of his treatment took place in Louisiana. [ECF No. 44-1 at 2] The "new evidence" at issue in the motion to strike pertains to that claim. EIC contends that "the majority of Plaintiff's substantive medical treatment was in Texas, not Louisiana." [ECF No. 51 at 4]

The circumstances of this case warrant striking the new evidence from this Court's determination of the choice of law that governs the EIC Policy. As detailed above, the parties have engaged in extensive motion practice on the issue present before the Court. The question of the location of treatment was first raised by Cummings, but he did not attach the records to support his claim that most of the treatment was delivered in Louisiana. Nor did he seek leave to add this evidence to any previous filing, if that omission was inadvertent. Notwithstanding who first raised the issue, however, the parties agree that treatment was delivered in both Texas and Louisiana, but dispute the quantity of treatment delivered in each state. As explained below, the location of medical treatment is only one factor in the court's choice-of-law analysis and, even if the Court assumes, *arguendo*, that Cummings' primary treatment occurred in Louisiana, this factor does not overcome the other choice-of-law factors that weigh in favor of the application of Texas law. Accordingly, in light of the posture and timing of the case, the motion to strike is GRANTED. The Court will not consider the contents of the records attached as ECF No. 54-1 in its determination of the question of choice of law pertaining to the EIC Policy.

### B. Progressive's Standing to Seek or Oppose Summary Judgment.

Next, the Court addresses EIC's threshold argument that Rule 56 of the Federal Rules of Civil Procedure prohibits Progressive from opposing the summary judgment motion filed by EIC – or moving for summary judgment against EIC – because they are co-defendants and have not asserted any claims against each other. [ECF No. 56 at 3] EIC cites a collection of district court cases from the Eastern District of Louisiana[2] to support this claim, in addition to several district court cases from outside the Fifth Circuit. This interpretation of Rule 56 and the Eastern District of Louisiana cases cited by EIC are specifically discussed in *Fucich Contracting, Inc. v. Shread-Kuyrkendall & Assocs., Inc*. There, the Eastern District of Louisiana acknowledged that it has interpreted Rule 56 "to permit only a party against whom a claim, counterclaim, or cross-claim is asserted to seek or oppose a motion for summary judgment." No. CV 18-2885, 2020 WL 1974248, at *1 n.4 (E.D. La. Apr. 24, 2020). The court noted that this doctrine "rests…on an interpretation of the term 'party' under Rule 56 to mean that a co-defendant is not a 'party' to a motion for summary judgment filed by another defendant, absent any cross-claims between the defendants." *Id.* Importantly, however, the court went on to clarify that "[t]he holding in the Rule 56 cases is also specifically conditioned on the motion being unopposed by the plaintiff," reasoning that "if the party who faces having its claim dismissed does not muster an opposition, another party should not be able to force the claim to remain live." *Id.* (internal quotations and citations omitted).

In this matter, the plaintiff has opposed the motions for summary judgment filed by each defendant. [ECF No. 44, 55] Consequently, the interpretation of Rule 56 that EIC argues applies here does not. Moreover, the motions here are motions for partial summary judgment addressing

---

[2] *Thurman v. Wood Group Prod. Services, Inc.*, No. 09-4142, 2010 WL 5207587 (E.D. La. Dec. 14, 2010), *C.F. Bean Corp. v. Clayton Indus., Ltd.*, No. 95-0161, 1996 WL 470644 (E.D. La. Aug. 19, 1996), and *Dorvin v. 3901 Ridgelake Drive, LLC*, No. 11-696, 2012 WL 1057599 (E.D. La. Mar. 28, 2012).

purely the question of choice of law; they do not seek dismissal of any claims or defenses. In sum, Progressive has standing to move for or oppose summary judgment.[3]

### C. Choice of Law.

Turning to the question of choice of law, EIC argues that Massachusetts law applies to the UIM coverage under the EIC Policy. [ECF No. 42-1 at 3; ECF No. 51 at 9] EIC does not address which state's law applies to the UIM coverage under the Progressive Policy. Cummings contends that Louisiana law applies to UIM coverage matters for **both** policies. [ECF No. 44 at 4; ECF No. 45-1 at 4] Progressive, in contrast, asserts that Texas law – or alternatively Louisiana law – applies not only to UIM coverage under the Progressive Policy, but UIM coverage under the EIC Policy as well. [ECF No. 46 at 7-8; ECF No. 52 at 7-8]

A federal court sitting in diversity jurisdiction must apply the substantive law of the forum state. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78–80 (1938). When determining which state's law to apply, federal courts apply the choice-of-law rules of the forum state in which the court sits. *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 512 (5th Cir. 2014). Pursuant to the Louisiana Supreme Court's decision in *Champagne v. Ward*, in order to determine which state law applies in cases concerning parties and insurance policies that implicate different states, the Court must first determine whether the provisions of each state's applicable laws differ. 893 So.2d 786 (La. 2005). If there is a substantive difference in the states' laws, the court must conduct a choice-of-law analysis under La. Civ. Code Ann. art. 3515, *et seq. Id.* Consequently, the Court must determine, first, whether Massachusetts, Texas, and Louisiana laws differ with regard to their

---

[3] EIC also argues that the motions for summary judgment filed by Cummings and Progressive are untimely. [ECF No. 51 at 1; ECF No. 56 at 1] Even if these filings were untimely, they substantively duplicate the arguments made in timely filings. The Court overrules this objection.

treatment of UIM insurance coverage, and if so, which state has the greatest interest in having its law applied.

### 1. Do the States' Laws Differ?

The parties do not dispute that there are substantial differences in the relevant laws of Louisiana, Texas, and Massachusetts. *See, e.g., Cohen v. Becker*, No. CV 17-935, 2018 WL 782955, at *3 (E.D. La. Feb. 8, 2018) (comparing Louisiana and Massachusetts UIM policy laws), and *Greene v. Zurich Am. Ins. Co.*, No. 6:19-CV-00018, 2019 WL 5390632, at *3 (W.D. La. Aug. 7, 2019), *report and recommendation adopted*, No. 6:19-CV-00018, 2019 WL 5390105 (W.D. La. Oct. 21, 2019) (comparing Louisiana and Texas UIM policy laws). Therefore, the Court will consider which of the three states has the greatest interest in its law applying to UIM coverage under the EIC Policy.

### 2. Weighing Each State's Interest – The Relevant Standards.

Louisiana choice-of-law rules require the Court to determine which state's policies would be most seriously impaired if its laws were not applied to the present dispute. *Champagne*, 893 So. 2d at 786.[4] That state is determined by evaluating the "strength and pertinence of the relevant policies of the involved states in light of the factors set forth" in Louisiana Civil Code articles 3515 and 3537. *Id.* Pursuant to La. Civ. Code Ann. art. 3515, the courts must apply the law of the state "whose policies would be most seriously impaired if its law were not applied to that issue," which turns on consideration of:

> (1) the relationship of each state to the parties and the dispute; and

---

[4] While the Fifth Circuit stated in *Pioneer* that Louisiana courts generally find that the law of the state where an insurance contract is issued and executed generally governs the interpretation of the contract, 767 F.3d at 512 (citing *Woodfield v. Bowman*, 193 F.3d 354, 360 (5th Cir.1999)), that statement was based on jurisprudence that predated the 2005 *Champagne* decision, which clarified that choice of law requires consideration of more factors than where a contract was issued and executed.

>   (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

La. Civ. Code Ann. art. 3515. Louisiana Civil Code article 3537 outlines additional factors that must be considered, specifically:

>   (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties;
>
>   (2) the nature, type, and purpose of the contract; and
>
>   (3) the policies referenced in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

La. Civ. Code Ann. art. 3537. Applying these factors to insurance contracts, courts generally consider:

- the state where the policy was formed and issued;
- the residence and domicile of the parties to the accident;
- the residence and domicile of the parties to the insurance contract;
- the state where each vehicle was principally garaged or registered;
- the state where treatment for resulting injuries was delivered; and
- the reasons why each party and vehicle was in the state where the accident occurred.

*Garces-Rodriguez v. GEICO Indem. Co.,* 16-196 (La. App. 5 Cir. 12/21/16), 209 So. 3d 389, 394 (collecting cases involving collisions in Louisiana and observing that Louisiana courts "have often found that the state where the insurance policy was issued had a more substantial interest in applying its laws than the state where the accident occurred").

9

The caselaw provides useful guidance on applying these factors in the context of insurance contracts. In *Champagne*, the Louisiana Supreme Court concluded that Mississippi law applied to the relevant policy even though the accident occurred in Louisiana, the defendant was a Louisiana resident, and the defendant's insurance policy was issued in Louisiana. The decisive factors for the court were (1) the plaintiff was a Mississippi resident, (2) the insurance contract at issue was formed and issued in Mississippi, (3) the plaintiff's covered vehicle was garaged in Mississippi, and (4) the plaintiff's UIM policy was a Mississippi contract. *Champagne*, 893 So.2d at 789.

In *Gates v. Claret*, the Fifth Circuit held that Florida law applied to a coverage dispute because, while the accident occurred in Louisiana, neither of the parties was a Louisiana resident. The vehicle involved was owned by a Florida domiciliary and was registered, licensed, and garaged in Florida; the relevant insurance policy was executed and delivered in Florida. *Gates v. Claret*, 945 F.2d 102, 106-07 (5th Cir. 1991). Citing *Jones v. American Fire–Indemnity Insurance Co.,* 442 So.2d 772 (La.App.1983), the court noted that when an insured vehicle is garaged, registered, and licensed in one state, application of that state's law "should have been readily envisioned" by the parties to the contract. *Gates* at 106.

In *Solstice Oil & Gas I, L.L.C. v. Seneca Ins. Co.*, the Fifth Circuit found that Texas law governed the relevant policies because the two insurers (both New York corporations) had insured a Texas corporation, and the policies included changes, notices, or endorsements specifically to comply with Texas law. 655 F. App'x 221, 224 (5th Cir. 2016). In that case, the fact that the failed drilling operations that formed the basis of the suit occurred in Louisiana did not overcome the stated and implied intent that Texas law would apply, as well as the strength of the connection between that state and the policies and claims at issue. *Id.*

Finally, in *Greene v. Zurich American Insurance Co.*, the court concluded that Louisiana law applied to a case in which the plaintiff was a Louisiana resident in Texas on a temporary job assignment at the time of the accident, the plaintiff was driving an employer-provided vehicle that was principally garaged in Louisiana, and the majority of medical treatment was delivered in Louisiana. *Greene,* 2019 WL 5390632 at *5, *report and recommendation adopted*, 2019 WL 5390105 (W.D. La. Oct. 21, 2019). Moreover, because the relevant policy was formed and issued in Texas, the inclusion of a *Louisiana* UIM endorsement showed that the parties envisioned that the insured would have business operations in Louisiana that would be subject to this UIM coverage. Accordingly, the insurance carrier could not have been surprised that Louisiana law would apply to UIM coverage disputes. *Id.*

### 3. UIM Coverage Under the EIC Policy.

The Court now must weigh these factors with respect to UIM coverage under the EIC Policy. EIC asserts that Massachusetts has the greatest interest in its law being applied to Plaintiff's claims under the UIM coverage of the EIC Policy because: EIC is a Massachusetts company with its principal place of business in that state; GE is a New York company with its principal place of business in Massachusetts; the EIC policy was negotiated, formed, and issued in Massachusetts; and notices were delivered and premiums were paid in Massachusetts. [ECF No. 42-1 at 1-2] EIC also acknowledges connections with the state of Texas, namely: the collision occurred in Texas; EIC contends that Cummings was a Texas resident at the time of the accident; Cummings' personal UIM coverage was issued and brokered in Texas; at the time of the collision Cummings was driving a vehicle licensed and garaged in Texas; the adverse vehicle was owned and operated by Texas residents [ECF No. 42-1 at 2-3]; and EIC claims that Cummings was treated primarily in Texas for his resulting injuries. [ECF No. 50-1 at 6]

Cummings contends that Louisiana has the greatest policy interest in its law being applied with respect to the EIC Policy: Cummings' domicile is in Louisiana; Cummings was a Louisiana domiciliary at the time he was hired by a GE subdivision; Cummings traveled frequently between Texas and Louisiana for work; the EIC policy has a Louisiana UIM endorsement (along with endorsements for all other states); and most of his treatment was delivered in Louisiana. [ECF No. 44 at 13-15] Cummings also describes the accident's connections to Texas, namely that the EIC policy has a Texas endorsement [ECF No. 44 at 9], and that some of his treatment occurred in Texas. [ECF No. 44 at 9, 13; ECF No. 59 at 1-2] Cummings does not dispute that the collision occurred in Texas, with a vehicle owned and operated by Texas residents. Cummings further testified that his employer paid for him to rent a vehicle for approximately one month at a time, and that was the vehicle he used to travel for work and to return to his Louisiana home on weekends. [ECF No. 44-2 at 14-16] Cummings testified that the truck he was driving at the time of the accident was rented from Hertz in Texas, had Texas license plates, and was paid for by his employer.[5] [ECF No. 44-2 at 10-11]

Progressive asserts that Texas, or in the alternative Louisiana, has the greatest interest in its laws being applied to the claim against EIC. [ECF No. 46 at 1] Progressive argues that this conclusion is supported by evidence that: Cummings is a Louisiana citizen who lived and worked in Texas at the time of the accident; Cummings initially sought treatment in Texas and continues to be treated in Louisiana; the accident occurred in Texas, with a vehicle operated by a Texas resident; the vehicle Cummings operated at the time of the collision was rented in Texas; and the

---

[5] Cummings testified that he originally rented a vehicle from Hertz in Louisiana and later exchanged it for a larger vehicle better suited to his needs in Texas, and the replacement vehicle – the Texas-registered truck – was the vehicle involved in the subject accident. [ECF No. 44-2 at 11-13]

EIC Policy's Texas and Louisiana UIM endorsements show that GE and EIC expected that insured employees would operate vehicles in Texas. [ECF No. 46 at 1-2]

The interests of Massachusetts, Louisiana, and Texas in this case weigh in favor of applying Texas law to the UIM coverage under the EIC Policy. In *Greene*, the court concluded that Louisiana law applied to a UIM dispute because (1) the plaintiff was a Louisiana resident working temporarily for a Texas employer at the time of the accident; (2) the accident occurred in Texas but the vehicle driven by the plaintiff at the time of the accident was licensed, registered, and garaged in Louisiana; (3) the majority of the plaintiff's post-accident medical care was provided in Louisiana; and (4) the coverage dispute concerned a *Louisiana* UIM endorsement to a policy issued in Texas. 2019 WL 5390632 at *4-5. Here, most of the factors considered in *Greene* weigh in favor of applying Texas law:

- The accident occurred in Texas;
- Cummings was arguably a Louisiana domiciliary at the time of the accident, but worked in Texas and maintained a temporary residence in Texas;
- the other party to the accident was a Texas resident;
- the car driven by Cummings had Texas license plates, and was registered and garaged in Texas;
- Cummings' obtained a personal Texas insurance policy from Progressive based on his residence in Texas;
- although Cummings arguably received significant medical care in Louisiana after the accident, he received at least some initial post-accident medical care in Texas; and

- although the EIC Policy was issued in Massachusetts, it included endorsements for every state, including Texas.

*See Gates*, 945 F.2d at 106 (when an insured vehicle is garaged, registered, and licensed in one state, application of that state's law "should have been readily envisioned" by the parties to the contract).

Cummings, however, focusses on the fact that he was a Louisiana domiciliary at the time of the accident and that he allegedly received his primary care in Louisiana to argue that Louisiana law should apply. Under Louisiana law, a person's domicile consists of two elements: residence and intent to remain. *Landiak v. Richmond*, 2005-0758 (La. 3/24/05), 899 So. 2d 535, 542-43. If a party has not made a formal declaration of domicile, proof of intent to remain turns on the factual circumstances, not merely what the party declares. *Id.* There is a presumption against change of domicile, which must be overcome by "positive and satisfactory proof" of intent to remain in a new place and to abandon the former domicile. *Id.* (citations omitted)

Cummings testified in his deposition that he lives in Colfax, Louisiana [ECF No. 44-2 at 3], and that at the time of the accident he lived in Pineville, Louisiana. [ECF No. 44-2 at 3-4] At the time of his deposition, a copy of Cummings' driver's license showed this Pineville address. [ECF No. 44-2 at 19] Regarding his work history, Cummings testified that from 2012 to 2019 he worked for FieldCore out of its Houston office. [ECF No. 44-2 at 5-9] A pay stub dated around the time of the collision states that Cummings' address was in Lake Jackson, Texas. [ECF No. 42-12] Cummings' 2017 tax return form gives his address as being in Lake Jackson, Texas. [ECF No. 42-11 at 1] While portions of the deposition are absent, Cummings appears to testify that he worked for FieldCore in Texas during the week, living in employer-provided housing, and returned to his home in Louisiana every weekend or nearly every weekend. [ECF No. 44-2 at 5-9]

The summary judgment evidence supports Cummings' position that, under Louisiana law, he was a domiciliary of Louisiana at the time of the accident; the evidence does not support EIC's argument that Cummings' temporary residence and work in Texas was "positive and satisfactory proof" of intent to remain in a new place and to abandon the former domicile. *Landiak,* 899 So. 2d 535, 542-43 (citations omitted). Cummings' Louisiana domicile weighs in favor of Louisiana's interest in protecting its citizens. However, this fact must be weighed against evidence that Cummings' maintained a Texas mailing address and resided – albeit temporarily – in Texas during the workweek. This evidence, along with the fact that the accident occurred in Texas and his vehicle was licensed, registered, and garaged in Texas, weighs strongly in favor of the application of Texas law. As far as medical care, even assuming, *arguendo*, that Cummings' primary post-accident medical treatment occurred in Louisiana, this evidence does not overcome the factors weighing in favor of applying Texas law over Louisiana law to this UIM dispute.

EIC, on the other hand, focusses on a line of cases holding that where a policy is issued in one state to an insured who resides in that state, a court should generally apply the law of that state to the policy even if the accident at issue occurred in another state; in other words, the state where the policy is issued and the insured resides often has a greater interest in having its laws apply than the state where the accident occurred. *See* EIC's Brief in Support of Summary Judgment [ECF No. 42-1] at 6-8 (citing *Schiff v. Louisiana State Ins. Co.*, 1828 WL 1559 (La. 1828); *City of Shreveport v. New York Life Ins. Co.*, 75 So. 80 (La. 1917); *Deane v. McGee*, 260 So.2d 669 (La. 1972); *Champagne v. Ward*, 893 So.2d 773 (La. 2005)). EIC contends that Massachusetts law should apply under this line of cases.

The line of cases cited by EIC is distinguishable from the present case. Here, while the EIC Policy was negotiated, formed, and issued in Massachusetts and the insured (GE) had its principal

15

place of business in Massachusetts, EIC insured all GE employees in GE's business units nationwide. [ECF No. 46-2 at 15, section 7, stating that the "coverage territory" is "[t]he United States of America…"] Indeed, the EIC Policy – while issued in Massachusetts – included endorsements for all fifty states and the District of Columbia. [ECF No. 42-4] Critically, one of these endorsements was a Texas UIM rider. The EIC Policy also includes a section entitled "Out-of-State Coverage Extensions," which provides that when a covered "auto" travels from the state where it is licensed, the insurer will augment the limits or types of insurance provided under the contract to meet the requirements of the law in effect where the "auto" is being used. [ECF No. 46-2 at II(A)(2)(b)] In other words, the EIC Policy contemplates the application of other states' laws. Accordingly, EIC should have "readily envisioned" that the laws of states other than Massachusetts might apply to the policy and its riders under the circumstances of the present case. *See Gates*, 945 F.2d at 106.

In contrast, the century-old cases of *Schiff v. Louisiana State Ins. Co.* and *City of Shreveport v. New York Life Ins. Co.* do not appear to involve the circumstances at issue here: a policy issued to cover nationwide business operations that includes endorsements for all fifty states. While the territorial extent of the insurance contract in *Schiff* is unclear, there is no indication in the opinion that the case involved multistate endorsements as here. On the other hand, *City of Shreveport* concerned a policy insuring losses centered in the City of Shreveport. *City of Shreveport* 75 So. at 81. Nor does *Champagne v. Ward*. In *Champagne,* even though the accident occurred in Louisiana, the plaintiff was a Mississippi resident, the insurance contract relevant to the issue at hand was formed and issued in Mississippi, the plaintiff's covered vehicle was garaged in Mississippi, and the plaintiff's UIM policy was a *Mississippi* contract. *Champagne*, 893 So.2d at 789. Here, the EIC Policy has a *Texas* UIM rider, and the vehicle driven by Cummings was licensed, registered,

and garaged in Texas. In sum, the choice of law factors reflected in the summary judgment record weigh heavily in favor of the application of Texas law to the question of UIM coverage under the EIC Policy, not the law of Massachusetts or Louisiana.

### III.
#### CONCLUSION

Considering the foregoing,

IT IS HEREBY ORDERED that EIC's Motion to Strike [ECF No. 57] is **GRANTED**.

IT IS HEREBY FURTHER ORDERED that EIC's Motion for Summary Judgment [ECF No. 42] is **DENIED**, Cummings' Motion for Summary Judgment [ECF No. 45] is **DENIED**, and Progressive's Motion for Summary Judgment [ECF No. 52] is **GRANTED**.

THUS DONE AND SIGNED in Chambers this 11th day of September, 2020.

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**